**Brett L. Foster, 6089**
bfoster@hollandhart.com
**Daniel J. Wadley, 10358**
djwadley@hollandhart.com
**Mark A. Miller, 9563**
mmiller@hollandhart.com
HOLLAND & HART LLP
60 East South Temple, Suite 2000
Salt Lake City, Utah 84111-1031
Telephone:  (801) 799-5800
Facsimile:  (801) 799-5700

*Attorneys for Plaintiff*
LIPPERT COMPONENTS, INC.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **LIPPERT COMPONENTS, INC.**, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**FLEXSTEEL INDUSTRIES, INC.**, a Minnesota corporation,<br><br>Defendant. | **COMPLAINT WITH DEMAND FOR JURY TRIAL**<br><br>Civil Case No. 1:08-CV-00071 DAK<br><br>Judge Dale A. Kimball |

Plaintiff, Lippert Components, Inc., by and through counsel, alleges and complains against Defendant, Flexsteel Industries, Inc., as follows:

**THE PARTIES**

1. Plaintiff, Lippert Components, Inc. ("LCI" or "Plaintiff"), is a Delaware corporation having a place of business at 505 North Kays Dr., Kaysville, Utah 84037.  LCI

makes and sells components for recreational vehicles throughout the United States, including in the state of Utah.

2. Upon information and belief, Defendant, Flexsteel Industries, Inc. ("Flexsteel" or "Defendant"), is a Minnesota corporation having a place of business at 3400 Jackson St., Dubuque, IA 92708. Upon information and belief, Flexsteel makes, uses, offers to sell, sells, imports, and/or otherwise distributes beds that move between a sleeping configuration and a seating configuration and that are designed to be mounted in an RV in a manner that allows them to move vertically ("couch/beds").

## JURISDICTION AND VENUE

3. This action is for patent infringement under 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 based upon the diversity of the citizenship of the parties.

4. This Court has personal jurisdiction over Defendant due to its activities of selling, offering to sell, advertising, distributing, and/or supplying products in the state of Utah, including, but not limited to supplying infringing couch/beds in recreational vehicles that are offered for sale and sold in the State of Utah.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 28 U.S.C. § 1400(b).

**GENERAL ALLEGATIONS**

6. LCI owns a valid and enforceable United States patent, U.S. Patent No. 7,350,850 ("the '850 patent"), issued on 1 April 2008 and entitled "Bed that Moves Vertically and Converts into a Couch." The '850 patent is hereby incorporated by reference.

7. Flexsteel manufactures or has manufactured, uses, offers to sell, sells, and/or imports couch/beds that infringe one or more of the claims of the '850 patent. The couch/beds supplied by Flexsteel are now being sold in Utah in recreational vehicles.

8. Upon information and belief, Flexsteel has actively induced others, such as manufacturers of recreational vehicles, to make, use, offer for sale, and/or sell recreational vehicles that infringe the '850 patent by, among other things, supplying couch/beds to recreational vehicle manufacturers. Upon information and belief, Flexsteel knows of the '850 patent and knew or should have known that supplying its couch/beds to manufacturers of recreational vehicles would induce actual infringements of the '850 patent.

9. Upon information and belief, Flexsteel has contributed to infringement of the '850 patent by making and supplying, offering to sell, and/or selling couch/beds to recreational vehicle manufacturers knowing the couch/beds to be especially made or especially adapted for use in an infringement of the '850 patent. The couch/beds being supplied by Flexsteel are not a staple article or commodity of commerce suitable for substantial noninfringing use.

10. At no time has LCI given Flexsteel permission, license, or authorization to use LCI's patented technology.

11. Flexsteel will likely continue to willfully and deliberately engage in acts of infringement of the '850 patent unless enjoined by this Court.

12. Flexsteel's continued making, using, selling, offering to sell, importation, and/or distribution of its couch/beds has injured, is injuring and will continue to cause irreparable injury to LCI's valuable patent rights and market.

### FIRST CAUSE OF ACTION
#### INFRINGEMENT OF '850 PATENT

13. LCI hereby re-alleges and incorporates by reference the preceding allegations of this Complaint.

14. Flexsteel's actions as described above, and specifically Flexsteel's unauthorized manufacture, use, sale, offer to sell, and/or importation of its couch/beds constitute infringement of the '850 patent under 35 U.S.C. § 271 in that Flexsteel has willfully, knowingly, and/or deliberately aided and abetted direct infringement of the '850 patent through inducing infringement and/or contributing to infringement.

15. LCI is entitled to an injunction pursuant to 35 U.S.C. § 283 prohibiting Flexsteel from further making, using, selling, offering to sell, or importing its couch/beds without permission or license from LCI.

16. LCI is entitled to damages under 35 U.S.C. § 284 adequate to compensate for Flexsteel's infringing activities and from the infringing activities of third parties that Flexsteel has induced or contributed to, including any lost profits, but in no event less than a reasonable royalty.

17. The infringement by Flexsteel of the '850 patent has and will cause LCI injury. The injury to LCI is continuing and will cause irreparable harm unless enjoined by this Court.

18. Flexsteel's continued manufacture, use, sale, offers to sell, and/or importation of its couch/beds are deliberate and constitute willful infringement of the '850 patent. LCI,

4

therefore, is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LCI, prays for the following relief and requests that:

A.　　The Court enter judgment against Defendant for infringement of the '850 patent under 35 U.S.C. § 271;

B.　　The Court grant permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Flexsteel, its officers, directors, principals, agents, licensees, servants, employees, successors and assigns, and any and all others aiding, abetting, or acting in concert or active participation with them, from further acts of infringement of the '850 patent;

C.　　The Court order Flexsteel to account to LCI for all sales, revenues, and profits derived from the sale of Flexsteel's couch/beds and other product that infringes the '850 patent pursuant to 35 U.S.C. § 284;

D.　　The Court award LCI its damages adequate to compensate LCI for the infringement of the '850 patent by Flexsteel, including any lost profits, but in no event less than a reasonable royalty, together with prejudgment interest, postjudgment interest, and costs;

E.　　The Court award LCI treble damages pursuant to 35 U.S.C. § 284;

F.　　The Court declare this an exceptional case and award LCI the costs of this action and reasonable attorneys' fees and expenses pursuant to 35 U.S.C. § 285 and the equity powers of the Court;

G.　　The Court award LCI prejudgment interest against Flexsteel on all sums allowed by law; and

H. The Court award LCI such other and further relief as the Court may deem just and proper.

## JURY DEMAND

LCI demands that all claims or causes of action raised in this Complaint be tried by a jury to the fullest extent possible under the law.

DATED this 25th day of June, 2008.

        HOLLAND & HART LLP

        /s/  Daniel J. Wadley
        Brett L. Foster
        Daniel J. Wadley
        Mark A. Miller

        *Attorneys for Plaintiff*
        LIPPERT COMPONENTS INC.

Plaintiff's Address:
505 North Kays Dr.,
Kaysville, UT 84037